142-17/gmv
Michael D. Tucker (tucker@freehill.com)
FREEHILL HOGAN & MAHAR, LLP
549 Summit Avenue
Jersey City, New Jersey 07306-2701
973.623.5514 (p) | 973.623.3813 (f)
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| GOLTENS SINGAPORE PTE. LTD.<br><br>          Plaintiff<br><br>v.<br><br>ENTRAC INC.<br><br>          Defendant. | Civ. No. 19-_____<br><br><br><br>**VERIFIED COMPLAINT AND CERTIFICATION PURSUANT TO LOCAL RULE 11.2** |

Plaintiff GOLTENS SINGAPORE PTE. LTD. (hereinafter "Goltens"), through its attorneys Freehill Hogan & Mahar, LLP, for its complaint for recognition and enforcement of foreign money judgment against Defendant ENTRAC, INC. ("Entrac" or "Defendant") states as follows:

### JURISDICTION, PARTIES AND VENUE

1. This is an action to enforce a money judgment of the State Courts of the Republic of Singapore ("the Singapore Court") entered on or about January 2, 2019, pursuant to the New Jersey Foreign Country-Money Judgments Act, N.J.S.A. §2A:49A-16, *et seq.* and/or under the principles of comity.

2. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. §1332, because, as set forth herein, the parties are completely diverse, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

498320.1

3. Plaintiff Goltens is a foreign company organized in and existing under the laws of Singapore with its principal place of business located at 6A Benoi Rd, Singapore 629881.

4. Defendant Entrac is a company organized in and existing under the laws of New Jersey with its principal place of business located in New Jersey at 47 Van Nostrand Avenue, Englewood, New Jersey, 07631. Entrac is subject to the personal jurisdiction of this Court.

5. The total amount of the Singapore Judgment sought to be enforced is USD $202,269.08 plus SGD 13,105.77 (which at the current exchange rate is approximately $9,676).

6. Venue is proper pursuant to 28 U.S.C. §1391(b).

## BACKGROUND

7. Plaintiff is in the business of ship machinery repairs and refurbishment.

8. Defendant is a worldwide exporter of spare parts for heavy machinery.

9. On June 20, 2017, Plaintiff initiated a case before the Singapore Court and against Defendant for breach of contract and return of a deposit payment with respect to a contract entered into between the parties on or about December 2016 concerning the sale of spare parts.

10. The contract between the parties was governed by Singapore law and any disputes thereunder were to be decided by the Singapore courts, to whose jurisdiction both Plaintiff and Defendant consented.

11. Through its appointed solicitors, KhattarWong LLP, Defendant entered an appearance in the Singapore proceedings on August 10, 2017, and served a response to Plaintiff's claim, including a counterclaim, on August 29, 2017.

12. Defendant never contested the exercise of personal jurisdiction over it by the Singapore Court.

13. The Singapore Court thereafter set deadlines for disclosure and evidence submission.

14. Defendant subsequently failed to comply with orders of the Singapore Court and an application was made by Plaintiff to strike Defendant's response and enter judgment in Plaintiff's favor.

15. As directed by the Singapore Court, the application and supporting documents were served on Defendant in New Jersey on September 10, 2018. Defendant did not oppose the application in Singapore.

16. On or about January 2, 2019, the Singapore Court entered judgment in favor of Plaintiff and against Defendant for monetary relief (hereinafter the "Singapore Judgment"). In particular the following amounts were awarded to Plaintiff:

| 1. | Refund of the 50% deposit paid by Plaintiff | USD 106,707.16 |
|---|---|---|
| 2. | Contractual interest on above from 12 March 2017 until date of judgment | USD 69,466.36 |
| 3. | Fees & charges incurred by Plaintiff in relation to issuance of letter of credit for remaining 50% of the contract value | USD 525.89 |
| 4. | Travel & accommodation expenses incurred by Plaintiff to verify whether Defendant had obtained and had the spare parts in its possession | SGD 8,439.00 |
| 5. | Liquidated damages due to Plaintiff's failure to deliver the spare parts to its buyer within the stipulated time frame | USD 9,569.09 |
| 6. | Difference between the contracted price for the spare parts and the price paid by Plaintiff to purchase substitute parts | USD 6,708.34 |
| 7. | Contractual interest | USD 9,292.24<br>SGD 4,666.77 |

17. The Singapore Judgment thus totals USD 202,269.08 plus SGD 13,105.77.

18. As provided in the Singapore Judgment, post-judgment interest continues to run on all amounts awarded against Defendant from the date of the judgment until paid at the daily rates specified in the Singapore Judgment (i.e., USD 106.71, USD 16.80 & SGD 8.44).

19. The Singapore Judgment is a final, conclusive and enforceable judgment against Defendant.

20. Yet, despite due demand, and in violation of the Singapore Judgment, the amounts awarded to Plaintiff and against Defendant remain due and owing, and no attempt has been made by Defendant to satisfy the outstanding judgment.

21. Plaintiff now petitions this Court to recognize and enforce the foreign court money judgment rendered against Defendant.

22. Plaintiff respectfully submits that the criteria for this Court's recognition and enforcement have been satisfied pursuant to N.J.S.A. 2A:49A-16, *et seq.*, in that the Singapore Judgment awards an amount of money to Plaintiff, the judgment against Defendant was rendered in accordance with due process of law, the Singapore Court had personal jurisdiction over Defendant, and Defendant appeared and submitted to the proceedings before the Singapore Court.

23. Alternatively, the Singapore Judgment is entitled to recognition and enforcement pursuant to the principles of comity.

24. The whole judgment in the amount set forth above and in the Singapore Judgment remains unsatisfied and its enforcement has not been stayed.

**WHEREFORE**, Plaintiff prays (a) that this Court issue an order and judgment recognizing and enforcing the money judgment of the Singapore court issued in the action between Plaintiff and Defendant plus interest in accordance with the Singapore Judgment; (b)

that this Court retain jurisdiction of the matter for any further or supplemental proceedings that may be necessary including the issuance of any default; and (c) for such other further and different relief as this Court may deem just and proper.

                FREEHILL HOGAN & MAHAR, LLP

By: _____
Michael D. Tucker (tucker@freehill.com)
549 Summit Avenue
Jersey City, New Jersey 07306-2701
973.623.5514 (p) | 973.623.3813 (f)
*Attorneys for Plaintiff*

## DECLARATION IN CONFORMANCE WITH N.J.S.A. §2A:49A-28

MICHAEL D. TUCKER declares that:

1. I am an associate in the law firm of Freehill Hogan & Mahar, LLP, counsel for Plaintiff GOLTENS SINGAPORE PTE. LTD. in the above action. I make this declaration in conformance with N.J.S.A. §2A:49A-19.

2. This is an action to enforce a foreign judgment. The name and last known address of the judgment debtor is:

> Entrac Inc.
> 47 Van Nostrand Avenue
> Englewood, New Jersey 07631

The name and address of the judgment creditor is:

> Goltens Singapore Pte. Ltd.
> 6A Benoi Road
> Singapore 629881

3. The Singapore Judgment is a final, conclusive and enforceable judgment against Defendant. The time to appeal the judgment has expired and no stay of execution was issued by the court of origin.

4. The judgment sought to be enforced was not one entered on default in the traditional sense insofar as Defendant entered an appearance and served a response, including a counterclaim, to Plaintiff's claim.

5. Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 13, 2019
      Jersey City, New Jersey

_____
Michael D. Tucker

## **CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

Pursuant to Local Civil Rule 11.2, the undersigned hereby certifies that the matter in controversy is not the subject of any other action pending in any court, or any pending arbitration or administrative proceeding.

_____
Michael D. Tucker

## ATTORNEY VERIFICATION

MICHAEL TUCKER, being duly sworn, deposes and says as follows:

1. I am an associate in the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiff in this action, I have read the foregoing Verified Original Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications, information and documentation provided by our client and/or by solicitors representing our client.

3. The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

_____
Michael D. Tucker